UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TOM GLASPIE, an individual; and SK1, LLC, a Washington limited liability company,<br><br>Plaintiffs,<br>v.<br><br>AMERICAN MODERN SELECT INSURANCE COMPANY, a foreign insurer,<br><br>Defendant. | CASE NO. 18-cv-6016-RJB<br><br>ORDER DENYING DEFENDANT AMERICAN MODERN SELECT INSURANCE COMPANY'S MOTION SEEKING BIFURCATION AND STAY OF BAD FAITH AND EXTRA-CONTRACTUAL DISCOVERY |

THIS MATTER comes before the Court on Defendant American Modern Select Insurance Company's ("American Modern") Motion Seeking Bifurcation and Stay of Bad Faith and Extra-Contractual Discovery ("Motion to Bifurcate"). Dkt. 25. The court is fully apprised and has considered the motion, documents filed in support and opposition thereto, and the remaining record herein.

For the reasons set forth below, the Court should deny American Modern's Motion to Bifurcate (Dkt. 25).

ORDER DENYING DEFENDANT AMERICAN MODERN SELECT INSURANCE COMPANY'S MOTION SEEKING BIFURCATION AND STAY OF BAD FAITH AND EXTRA-CONTRACTUAL DISCOVERY - 1

## I. BACKGROUND

This case is an insurance coverage dispute. Dkt. 1 Plaintiffs have also brought a claim under the Washington Insurance Fair Conduct Act ("IFCA"), which allows an insured who has been unreasonably denied a claim for coverage or payment due under an insurance policy to recover additional damages and fees. Dkt. 1; RCW 48.30.015.

American Modern issued a policy insuring Plaintiff's duplex. Dkt. 14-3. Apparently, wind damaged the roof, allowing rain to enter and damage the duplex. Plaintiffs allege that they "incurred an expense of $25,947.43 to protect [the] property against further loss, $98.457.73 to repair the rain damage to the property, and $26,229.46 to install improvements to undamaged portions of the duplex in order to bring the property up to current code[, and] $21,850.00 in lost rental income " Dkt. 30, at 2.

American Modern apparently agreed that the loss was covered by the policy, but that it was subject to a $20,000.00 water damage sublimit under the policy. Dkt. 14-35. American Modern paid Plaintiffs $20,000.00. Plaintiffs believe coverage is not limited by the $20,000.00 sublimit and argue additional coverage under the policy is owed by American Modern.

Plaintiffs filed this lawsuit in Thurston County Superior Court, removed by American Modern to this Court. Dkt. 1.

On May 16, 2019, American Modern filed the instant Motion to Bifurcate. Dkt. 25. On June 17, 2019, Plaintiffs responded in opposition to the instant Motion to Bifurcate. Dkt. 30. On June 21, 2019, American Modern replied in support of its instant Motion to Bifurcate. Dkt. 32.

## II. DISCUSSION

**a. REQUEST TO BIFURCATE**

American Modern "requests that this court bifurcate the insurance contract coverage issues in this lawsuit from the Washington Insurance Fair Conduct ('IFCA') claim brought by Plaintiffs Tom Glaspie and SKI, LLC, and that it stay discovery and trial on the IFCA claim until resolution of the coverage issues." Dkt. 25, 1.

The Federal Rules of Civil Procedure provide, in part:

> **Separate Trials.** For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Fed. R. Civ. P. 42(b).

A court's decision on bifurcation is committed to its discretion. *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 962 (9th Cir. 2001). Separate trials are the exception, not the rule, and the Court will not bifurcate without good reason.

"In deciding a motion for bifurcation pursuant to Federal Rule of Civil Procedure 42(b), the Court considers factors such as convenience, prejudice, judicial economy and whether the issues are clearly separable." *McCoy v. Liberty Mut. Fire Ins. Co.,* C09-5464BHS, 2009 WL 5215760, at *4 (W.D. Wash. Dec. 29, 2009) (citing SCHWARZER, TASHIMA & WAGSTAFFE, FED. CIV. PROC. BEFORE TRIAL 16:160.4 (1999); *Hirst v. Gertzen*, 676 F.2d 1252, 1261 (9th Cir. 1982)). "Bifurcation is particularly appropriate when resolution of a single claim or issue could be dispositive of the entire case." *Drennan v. Maryland Cas. Co.*, 366 F.Supp.2d 1002, 1007 (D. Nev.2005) (citing *O'Malley v. United States Fidelity and Guaranty Co.,* 776 F.2d 494, 501 (5th Cir. 1985) ("Since a recovery on the bad faith claim would not have been possible unless

O'Malley prevailed on his coverage claim, the district court acted correctly in bifurcating the issues to avoid prejudice and to expedite the trial.")). Bifurcation is inappropriate where the issues are so intertwined that separating them would "tend to create confusion and uncertainty." *See Miller v. Fairchild Indus., Inc.*, 885 F.2d 498, 511 (9th Cir.1989) (citation and quotation marks omitted).

American Modern argues "that bifurcating the breach of contract from the extra-contractual claims is appropriate where, as here, failure to prove a breach of contract dooms an extra-contractual claim." Dkt. 25, at 4.

Plaintiffs' IFCA claim is not necessarily dependent on proving improper denial of benefits under the policy. *See Estate of Hoxsey v. Allstate Prop. & Cas. Ins. Co.*, C15-2013-RSM, 2016 WL 7724740, at *2 (W.D. Wash. May 31, 2016) ("Insurers can act in bad faith even where they properly deny coverage or compensation to their insureds.") (citing *Coventry Assocs. v. Am. States Ins. Co.*, 136 Wn.2d 269, 277-80 (1998) (reviewing examples of bad faith liability despite proper claim denial)). "[A]n insured may maintain an action against its insurer for bad faith investigation of the insured's claim and violation of the CPA regardless of whether the insurer was ultimately correct in determining coverage did not exist." *Coventry Assocs.,* 136 Wn.2d at 279; *cf. Perez-Crisantos v. State Farm Fire & Cas. Co.,* 187 Wn.2d 669, 686 (2017) (holding "that an IFCA claim cannot be predicated on a regulatory violation alone"). Additionally, the Court observes that Plaintiffs' complaint provides that "SK1, LLC reserves the right to amend this complaint to assert additional causes of action after conducting discovery." Dkt. 1-1, at 4. In an amended complaint, it appears that Plaintiffs may assert an additional, non-regulatory cause of action undergirding the IFCA claim.

American Modern also contends that "bifurcation will avoid prejudice and promote the expedient resolution of this litigation." Dkt. 32, at 5. However, risk of prejudice or jury confusion can be cured with effective jury instructions. *See Estate of Hoxsey*, C15-2013-RSM, 2016 WL 7724740, at *2. Additionally, the Court anticipates that bifurcation would likely result in additional discovery disputes and would, especially if a second trial on the IFCA claim would be necessary, ultimately delay resolution of this case.

The Court concludes that bifurcation here is unnecessary and that its efficiencies, if any, are outweighed by the risks of generating additional discovery disputes and delaying resolution of this case. Therefore, at this time, the Court should deny American Modern's Motion to Bifurcate.

    **b. REQUEST TO STAY DISCOVERY**

American Modern requests that the Court stay discovery on Plaintiff's IFCA claim. Dkt. 25, at 6. Because the Court will deny American Modern's Motion to Bifurcate, the Court should deny as moot American Modern's request to stay discovery of the IFCA claim.

    **c. ALTERNATIVE REQUEST**

"In the alternative, American Modern requests the Court to re-set this Motion for consideration on June 21, 2019 and also grant American Modern an extension to respond to Plaintiff's Requests for Production no earlier than 30 days after the Court rules on this Motion." Dkt. 25, at 1.

On May 22, 2019, the Parties stipulated to a motion renoting the instant Motion to Bifurcate and allowing American Modern an extension to respond as requested above. *See* Dkt. 27. The Court granted the stipulated motion. Dkt. 28. Therefore, the Court should deny as moot American Modern's alternative request.

## III. ORDER

Therefore, it is hereby **ORDERED** that:

- Defendant American Modern Select Insurance Company's Motion Seeking Bifurcation and Stay of Bad Faith and Extra-Contractual Discovery (Dkt. 25) is **DENIED** as follows:
    - Defendant American Modern Select Insurance Company's request for bifurcation is **DENIED WITHOUT PREJUDICE** to reconsideration of bifurcation for trial;
    - Defendant American Modern Select Insurance Company's request to stay discovery of Plaintiffs' IFCA claim is **DENIED AS MOOT; and**
    - Defendant American Modern Select Insurance Company's alternative request to renote the instant motion and extend the time to respond to Plaintiffs' Request for Production is **DENIED AS MOOT.**

It is so ordered.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 2nd day of July, 2019.

ROBERT J. BRYAN
United States District Judge